IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

COLUMBIA DIVISION

| | |
|---|---|
| RALPH L. WILLIAMS, #249826, ) | |
| ) | |
| Petitioner, ) | Civil Action No. 3:09-1424-DCN-JRM |
| ) | |
| v. ) | |
| ) | **REPORT AND RECOMMENDATION** |
| ) | |
| WARDEN, KIRKLAND ) | |
| CORRECTIONAL INSTITUTION, ) | |
| ) | |
| ) | |
| Respondent. ) | |
| _____) | |

Petitioner, Ralph L. Williams ("Williams"), is an inmate at the South Carolina Department of Corrections serving a sentence of life without parole ("LWOP") for armed robbery  He filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 on June 1, 2009. Pretrial matters were automatically referred to the undersigned pursuant to Local Rule 73.02(b)(2)(c) and (e), (D.S.C.). Respondent filed a return and motion for summary judgment on December 14, 2009. Because Williams is proceeding *pro se*, an order pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975) was issued on December 15, 2009 advising him of his responsibility to respond to the motion for summary judgment. Williams filed a response to Respondent's motion on January 12, 2010.

1

**Background and Procedural History**

Around closing time on the night of August 30, 1997, a gunman robbed a Majik Market convenience store in Richland County. A clerk, Stephanie Pressley, and a customer, Mildred Mashack, were present. Williams became a suspect when a "community police officer" reviewed the store's video surveillance. The tape was grainy and a positive identification could not be made, but the officer thought the robber resembled Williams. Shortly after the robbery the clerk and customer were shown a photo lineup which did not contain Williams' picture. Several days later they were shown a different photo lineup. Both identified Williams at that time.

Williams was arrested, and Katherine H. Hudgins, Esquire, was appointed to represent him. The State served notice that it was seeking a sentence of LWOP under South Carolina's recidivist statute, S.C.Code Ann. § 17-25-45. (App. 475). After the jury was selected an *in camera* hearing was held pursuant to Neil v. Biggers, 409 U.S. 188 (1972). (App. 34). The trial court ruled that under the totality of the circumstances that there was not "a very substantial likelihood of irreparable misidentification." (App. 94). At trial, Ms. Pressley and Ms. Mashack identified Williams as the robber. The jury returned a verdict of guilty.

Some confusion arose over Williams' prior record at sentencing. The notice filed by the State of its intention to seek LWOP, listed Williams' prior offense as "Accessory Before the Fact of Armed Robbery, 9/8/87, 87-GS-45-265." (App. 475). However, at sentencing a certified copy of the original sentencing sheet from Williamsburg County showed that Williams pled guilty to "accessory to the fact of a felony, accessory after the fact of a felony and criminal conspiracy." (App. 300). If the felony to which Williams pled to was armed robbery, he was subject to LWOP under the statute. However, if the felony was not one of those enumerated in the statute, he would not have been

2

subjected to LWOP. The trial court sentenced Williams to LWOP. Trial counsel made a motion for reconsideration and the State produced a copy of the original indictment indicating the felony was armed robbery. The motion for reconsideration was denied. (App. 446).

A direct appeal was filed by the South Carolina Office of Appellate Defense raising the following issues:

> Whether the trial court erred in sentencing appellant to life without parole pursuant to S.C. Code Section 17-25-45 when appellant's prior conviction was void for lack of subject matter jurisdiction?
>
> Whether the trial court erred in sentencing appellant to life without parole pursuant to S.C. Code Section 17-25-45 when appellant had not been convicted of a prior serious offense?

(App. 537).

The South Carolina Court of Appeals affirmed the conviction and sentence. *See* State v. Williams, Unpub.Op.No. 2000-UP-141 (Ct.App. filed March 1, 2000). (App. 550). Williams' petition for a rehearing was denied. (App. 546). The Remittitur was returned on August 14, 2000. (App. 548).

Williams filed an application for post-conviction relief ("PCR") on January 31, 2001. A hearing was held on July 18, 2005. Diana Holt, Esquire represented Williams. Ms. Hudgins was the only witness. The PCR court issued an order granting relief on March 20, 2006. (App. 445). The court found that trial counsel was constitutionally deficient in several respects: (1) failure to investigate, present and argue the available evidence concerning the unreliability of the photographic lineup; (2) failure to investigate and discover information that was readily available to her in the 1987

court file;[1] and (3) filing the motion to reconsider the sentence which allowed the state to present further evidence, i.e., a certified copy of the 1987 Williamsburg indictment.

The State filed an appeal in the South Carolina Supreme Court raising the following issues:

> The PCR court erred in finding that trial counsel was ineffective in failing to adequately challenge the state's photographic line-up and eyewitness identification of applicant.
>
> The PCR court erred in finding that trial counsel was ineffective in failing to determine that applicant had a pre-existing attorney-client relationship with the trial judge which adversely affected applicant's trial.
>
> The PCR court erred in finding that trial counsel was ineffective in failing to properly investigate applicant's 1987 conviction.
>
> The PCR court erred in finding that trial counsel was ineffective in moving for reconsideration of applicant's sentence, thus opening the door to state's presentation of supporting indictment.

The State's petition for writ of certiorari was granted and briefing was ordered. The PCR court was reversed by the South Carolina Supreme Court. *See* Williams v. South Carolina, Mem.Op.No. 2009-MO-022 (filed May 12, 2009). The court held:

> Respondent Ralph L. Williams was sentenced to life without parole pursuant to S.C.Code Ann. § 17-25-45 (2003). After an unsuccessful direct appeal, Williams filed an application for post-conviction relief (PCR); after a hearing, the application was granted. We granted the State's petition to review the grant of PCR, and now reverse.
>
> 1. The PCR court found that Williams' trial counsel provided ineffective assistance of counsel with respect to the handling of a pretrial Neil v. Biggers hearing. There is no evidence to support the PCR court's decision. Trial counsel vigorously challenged the admissibility of the photographic lineup and in-court identification of Williams. Simply because the trial court found the evidence admissible does not

---

[1] The trial judge, the Honorable M. Duane Shuler, was a contract public defender in Williamsburg County in 1987. The record shows that Judge Shuler was appointed to represent Williams in the 1987 armed robbery case. However, at the guilty plea, Judge Shuler represented a co-defendant, Williams' brother, and another contract public defender represented Williams.

4

render counsel's representation ineffective. We reverse pursuant to Rule 220(b)(1), SCACR. *See also* Pierce v. State, 338 S.C. 139, 144-45, 526 S.E.2d 222, 224-25 (2000) (setting forth the analytical framework for establishing ineffective assistance of counsel and noting that when "no probative evidence" supports the PCR court's ruling it will not be upheld).

2. The PCR court found that Williams' trial counsel provided ineffective assistance of counsel by failing to investigate the triggering offense which qualified Williams for a life without parole sentence, as the investigation would have shown that Williams was previously represented by; the trial judge (then a public defender) that sentenced him to life without parole. The PCR court found that the representation created a conflict of interest for the trial judge who sentenced Williams to life without parole. We concur with the PCR court that the record does appear to reflect that the trial judge was involved, at least initially, in representing Williams many years earlier. The record, however, reveals not a hint of any prejudice as a result of the prior representation, for the record demonstrates that the experienced trial judge presided fairly and with impartiality. There is no evidence to support the contrary finding of the PCR court. We reverse pursuant to Rule 220(b)(1), SCACR.

3. The PCR court found that Williams' trial counsel provided ineffective assistance of counsel by moving the trial court to reconsider Williams' life without parole sentence, when such motion provided the State an opportunity to conclusively prove that Williams criminal record did require a sentence of life without parole pursuant section 17-25-45. The PCR court's premise that, but for the resentencing, the State would not have had an opportunity to prove the existence of Williams' triggering offense, as a matter of law, was incorrect. The trial court had made the finding at sentencing that Williams' prior record required a life without parole sentence. It was precisely because of trial counsel's laudable diligence that the trial court invited Williams to challenge the prior conviction in a post trial motion. We reverse pursuant to Rule 220(b)(1), SCACR. *See also* S.C.Code Ann. § 17-25-45 (2003) ("[U]pon a conviction for a most serious offense as defined by this section, a person must be sentenced to a term of imprisonment for life without the possibility of parole if that person has one or more prior convictions....").

### Grounds for Relief

In his present petition, Williams asserts that he is entitled to a writ of habeas corpus on the following grounds:

**I.** The record evidence supports the P.C.R. Court's finding that respondent was deprived of the effective assistance of counsel and prejudiced by trial counsel's failure to challenge the state's photographic lineup and eyewitness identification at trial. All in contravention of respondent's right guaranteed by the Sixth and

Fourteenth Amendment and South Carolina Law.

**II.** The record evidence supports the P.C.R. court's finding that respondent was deprived of the effective assistance of counsel, guaranteed by the Sixth and Fourteenth Amendment and South Carolina Law. Due to trial counsel's failure to investigate respondent's 1987 conviction and determine that respondent had a pre-existing attorney client relationship and to launch a collateral attack on respondent prior conviction.

**III.** The record evidence supports the P.C.R. court's finding that the trial judge and applicant had a pre-existing attorney-client relationship a relationship which ultimately directly impacted the trial court's determination of a crucial matter that significantly impacted applicant sentence, all in violation of the constitutional requirements of due process of law and fundamental fairness, South Carolina Law, and in contravention of the S.C. Judicial Cannon of Ethics. Rule 501 Cannon 3(E)(1)(a), (b), (d) (ii) and (d)(iv). SCACR.

## **Discussion**

Williams essentially argues the three claims of ineffective assistance of counsel addressed by the South Carolina Supreme Court in his present petition.

Since Williams filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. § 2254(d), as amended. Lindh v. Murphy, 521 U.S. 320 (1997); Breard v. Pruett, 134 F.3d 615 (4th Cir.), *cert. denied,* 521 U.S. 371 (1998) and Green v. French, 143 F.3d 865 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999). That statute now reads:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has addressed procedure under § 2254(d). *See* Williams

v. Taylor, 529 U.S. 362 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1).

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases .... A state- court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent.
>
> * * *
>
> [A] state-court decision involves an unreasonable application of [the Supreme] Court's precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the] Court's precedent if the state court either unreasonably extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

*Id.* at 1519-20. Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 1521.

The Sixth Amendment to the United States Constitution guarantees a defendant the right to effective assistance of counsel in a criminal prosecution. McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970). In the case of Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court set forth two factors that must be considered in evaluating claims for ineffective assistance of counsel. A petitioner must first show that his counsel committed error. If an error can be shown, the court must consider whether the commission of an error resulted in prejudice to the defendant.

To meet the first requirement, "[t]he defendant must show that counsel's representation fell below an objective standard of reasonableness." Strickland, at 688. "The proper measure of attorney

7

performance remains simply reasonableness under prevailing professional norms." Turner v. Bass, 753 F.2d 342, 348 (4th Cir. 1985) quoting Strickland, *reversed on other grounds*, 476 U.S. 28 (1986). In meeting the second prong of the inquiry, a complaining defendant must show that he was prejudiced before being entitled to reversal. Strickland requires that:

> [T]he defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome.
>
> * * *
>
> [A] court deciding an actual ineffectiveness claim must judge the reasonableness of counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct. . . the court must then determine whether, in light of all the circumstances, the identified acts or omissions were outside the wide range of professionally competent assistance. (Emphasis added).

Strickland at 694-95.

Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a federal habeas court must determine whether the state court's decision "was contrary to, or involved an unreasonable application of clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The court's analysis should center on whether the state courts properly applied the Strickland test. *See* Williams v. Taylor, 529 U.S. 362 (2000). ("Strickland test provides sufficient guidance for resolving virtually all ineffective assistance of counsel claims.")

### 1. Pre-trial Hearing

The PCR court found that trial counsel was ineffective in connection with the *in camera* hearing regarding the eyewitness identification. The United States Supreme Court has provided

direction for trial courts to use when the defendant asserts that pretrial identification was in some way tainted. There is no violation of due process if, under the

> 'totality of the circumstances' the identification was reliable even though the confrontation procedure was suggestive.... [T]he factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and the confrontation.

Neil v. Biggers, 409 U.S. 188, 199 (1972).

The PCR court noted that the State produced no forensic evidence linking Williams to the crime, and it was counsel's strategy to argue that the wrong man had been arrested.[2] The PCR court also found that counsel properly moved for a hearing and argued that the physical description given by the victims differed from that of Williams and that the photograph of Williams in the second lineup was the only photograph in which the suspects eyes were downcast.

The PCR court's ruling rested on the fact that counsel failed to make a specific argument based on facts revealed during the hearing. At the hearing, one of the police officers testified that he asked one of the witnesses after she failed to identify a suspect in the first photographic lineup whether she recognized the suspect in the photograph 2 of that lineup. She responded that she recognized suspect 2 from the neighborhood, but he was not the robber. (App. 54 and 82). About a week later she was shown the second photographic lineup and identified Williams who was suspect number 2 in that lineup.

The PCR court found counsel to be constitutionally deficient because she did not argue that it was impermissibly suggestive for the officer to ask about suspect 2 in the initial lineup, and a week

---

[2]Williams did not testify or present evidence in his defense.

9

later Williams was shown as suspect 2 in the second lineup.

It is clear that the trial court had this evidence before it when it ruled that the identification was permissible under the totality of the circumstances even though counsel failed to make a specific argument on this point at the conclusion of the hearing. (App. 93-94). The Supreme Court found that "(t)rial counsel vigorously challenged the admissibility of the photographic lineup and in court identification of Williams." The Supreme Court found that there was "no probative evidence" to support the PCR court's decision.

### 2. Failure to Investigate

The PCR court held that trial counsel was ineffective for failing to investigate Williams' prior conviction from Williamsburg County which was used to enhance his sentence leading to LWOP. The PCR court reasoned that had counsel made this investigation, she would have discovered that at some point prior to Williams' plea in Williamsburg County, he was represented by Judge Shuler. Counsel then could have moved to recuse Judge Shuler from the Richland County trial. The PCR court held that the "judicial bias and the mere appearance of judicial bias constitute 'structural error' not subject to 'harmless error analysis.'" (App. 455).

Due process guarantees a criminal defendant an impartial judge on the principle that "no man is permitted to try cases where he has an interest in the outcome." In re Murchison, 349 U.S. 133, 136 (1955). Due process is violated if the judge has a direct, personal, substantial or pecuniary interest. Tumey v. Ohio, 273 U.S. 510, 523 (1927). There is a presumption that judges are unbiased.

The South Carolina Code of Judicial Conduct requires a judge to "disqualify himself in a proceeding in which his impartiality might reasonably be questioned." Canon 3(C)(1) of the Code of Judicial Conduct, Rule 501, SCACR. "It is not sufficient for a party seeking disqualification to

simply allege bias; rather, the party must show some evidence of judicial bias or prejudice. If there is no evidence of judicial bias or prejudice, a judge's failure to disqualify himself will not be reversed on appeal." Koon v. Fares, 379 S.C. 150, 156, 666 S.E.2d 230, 234 (2008) (citations omitted). "The fact that a trail judge ultimately rules against a litigant is not proof of prejudice by the judge, even if it is later held that the judge committed error in his ruling." Mallett v. Mallett, 323 S.C. 141, 147, 473 S.E.2d 804, 808 (Ct. App. 1996).

The PCR court appears to have ruled based on an appearance of impropriety. The Supreme Court reversed finding that there was no evidence in the record to support a conclusion that the trial judge was biased. "Constitutional due process requirements would not appear to be violated by the participation of a state trial judge in sentencing a defendant in a criminal case unrelated to the prior case in which the judge, before going on the bench, acted as counsel for the defendant, in the total absence of any bias, prejudice, or hostility on the part of the trial judge." Layler v. Lyles, 598 F.Supp. 95 (D.Md. 1984), *aff'd* 767 F.2d 912 (4th Cir. 1985) (unpublished).

### 3. Motion to Reconsider

The PCR court also found that trial counsel was ineffective for filing a motion to reconsider the sentence imposed, because that motion provided an opportunity for the State to offer further proof of Williams' prior conviction. The Supreme Court disagreed noting that the trial court made a finding prior to sentencing that the record was sufficient to require the enhanced sentence. Implicit in the Supreme Court's decision is a conclusion that the trial court's finding of sufficiency was correct under state law. Therefore, Williams could not show prejudice by counsel's filing of the motion to reconsider.

**Conclusion**

Based on a review of the record, it is recommended that Respondent's motion for summary judgment be **granted**, and the petition **dismissed** without an evidentiary hearing. Petitioner has not shown that the South Carolina Supreme Court's decision was contrary to, or an unreasonable application of, the Strickland test.

                                                  Joseph R. McCrorey
                                                  United States Magistrate Judge

April 2, 2010
Columbia, South Carolina

**The parties are referred to the Notice Page attached hereto.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge. Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Larry W. Propes, Clerk
United States District Court
901 Richland Street
Columbia, South Carolina 29201

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).