# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| RALPH L. WILLIAMS, #249826, | ) | C/A No. 3:09-1424 DCN |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | **ORDER** |
| | ) | |
| WARDEN, KIRKLAND CORRECTIONAL | ) | |
| INSTITUTION, | ) | |
| | ) | |
| Respondent. | ) | |

The above referenced case is before this court upon the magistrate judge's recommendation that the respondent's Motion for Summary Judgment be granted and the petition dismissed without an evidentiary hearing.

This court is charged with conducting a de novo review of any portion of the magistrate judge's report to which a specific objection is registered, and may accept, reject, or modify, in whole or in part, the recommendations contained in that report. 28 U.S.C. § 636(b)(1). However, absent prompt objection by a dissatisfied party, it appears that Congress did not intend for the district court to review the factual and legal conclusions of the magistrate judge. Thomas v Arn, 474 U.S. 140 (1985). Additionally, any party who fails to file timely, written objections to the magistrate judge's report pursuant to 28 U.S.C. § 636(b)(1) waives the right to raise those objections at the appellate court level. United States v. Schronce, 727 F.2d 91 (4th Cir. 1984), cert. denied, 467 U.S. 1208 (1984 ).[1]    Objections to the magistrate judge's report and

---

[1]In Wright v. Collins, 766 F.2d 841 (4th Cir. 1985), the court held "that a pro se litigant must receive fair notification of the consequences of failure to object to a magistrate judge's report before such a procedural default will result in waiver of the right to appeal. The notice must be 'sufficiently understandable to one in appellant's circumstances fairly to appraise him of what is required.'" Id. at 846. Plaintiff was advised in a clear manner that his objections had to be filed within ten (10) days, and he received notice of the consequences at the

recommendation were timely filed on April 13, 2010.

Since Williams filed his petition after the effective date of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), review of his claims is governed by 28 U.S.C. §2254(d), as amended. <u>Lindh v. Murphy</u>, 521 U.S. 320 (1997); <u>Breard v. Pruett</u>, 134 F. 3d 615 (4th Cir.), *cert. denied*, 521 U.S. 371 (1998) and <u>Green v. French</u>, 143 F. 3d 865 (4th Cir. 1998), *cert. denied*, 525 U.S. 1090 (1999). That statute now reads:

An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudications of the claim–(1) resulted in a decision that was contrary to or involved an unreasonable application of, clearly established Federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

The United States Supreme Court has addressed procedure under § 2254 (d). *See* <u>Williams v. Taylor</u>, 529 U.S. 362 (2000). In considering a state court's interpretation of federal law, this court must separately analyze the "contrary to" and "unreasonable application" phrases of § 2254(d)(1).

A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in [Supreme Court} cases .... A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless arrives at a result different from [the Court's] precedent.

* * *

[A] state-court decision involves an unreasonable application of [the Supreme] Court's

---

appellate level of his failure to object to the magistrate judge's report.

precedent if the state court identifies the correct governing legal rule from this Court's cases but unreasonably applies it to the facts of the particular state prisoner's case. Second, a state-court decision also involves an unreasonable application of [the] Court's precedent if the state court either unreasonable extends a legal principle from [Supreme Court] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context where it should apply.

*Id*. At 1519-20. Ultimately, a federal habeas court must determine whether "the state court's application of clearly established federal law was objectively unreasonable." *Id*. At 1521.

Petitioner has not shown that the South Carolina Supreme Court's decision was contrary to, or an unreasonable application of, the Strickland test.

A de novo review of the record indicates that the magistrate judge's report accurately summarizes this case and the applicable law. Accordingly, the magistrate judge's report and recommendation is **AFFIRMED,** respondent's Motion for Summary Judgment is **GRANTED**, and petition is **DISMISSED** without an evidentiary hearing.

**AND IT IS SO ORDERED.**

David C. Norton
Chief United States District Judge

Charleston, South Carolina
April 19, 2010

**_NOTICE OF RIGHT TO APPEAL_**

The parties are hereby notified that any  right to appeal this Order is governed by Rules 3 and 4 of the Federal Rules of Appellate Procedure